UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Odom, ) | C/A No. 2:07-00247-PMD-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | REPORT |
| Walmart; Walmart Insurance Policy Holder; Stephen Key; ) | AND |
| Jud Woody; Glen Churchill; Ronnie Cohurst; Judge Leah; ) | RECOMMENDATION |
| Adam L. Hampton; Juanita Riley; Linda F. Armstrong; ) | |
| Clayton C. Williams; Jane P. Hanahan; Paul J. McDermott; ) | |
| Florintine Jacinth; Gina L. Robertson; Pamela W. Noto; ) | |
| Dorothy Hayenes; Janet T. Temple; Anthony C. Milligan; ) | |
| Barbara M. Brantley; Sean Hethington; FNU Witcomb, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff alleges that he was falsely imprisoned for nine (9) years, and he seeks monetary damages.[2] This complaint should be dismissed for failure to state a claim upon which relief may be granted.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has

---

[1] Pursuant to the provisions of 28 U.S.C. §636 and Local Rule 73.02(B)(2)(e), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court. Further reference to this complaint brought under Title 42 of the United States Code will be by section number only.

[2] Plaintiff does not provide this Court with specific facts surrounding his imprisonment. However, plaintiff indicates that he was confined for nine (9) years and references S.C. Code Ann. §§ 16-13-110 (shoplifting) and 16-1-57 (classification of third or subsequent conviction of certain property crimes).

been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.1978).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. at 319; *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980). Even under this less stringent standard, however, this *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

This § 1983 complaint is subject to summary dismissal because it fails to state a claim on which relief may be granted. The Supreme Court has held that in order to recover damages for

imprisonment in violation of the constitution, the imprisonment must first be successfully challenged. *Heck v. Humphrey*, 512 U.S. 477 (1994).

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is *not* cognizable under § 1983.

*Id.* at 486-87 (footnote omitted). *See also Edwards v. Balisock*, 520 U.S. 641 (1997) (extending the preclusive rule of *Heck v. Humphrey* to § 1983 claims challenging procedural deficiencies which necessarily imply the invalidity of the judgement).

Plaintiff brings this action claiming that he was falsely imprisoned for nine (9) years. A favorable determination on the merits of the plaintiff's claims in this § 1983 action would imply that plaintiff's imprisonment was invalid. The United States Supreme Court states:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. at 487. The plaintiff has not demonstrated that he successfully has challenged the validity of his imprisonment. Until the plaintiff's imprisonment is established as invalid, an action under § 1983 based on false imprisonment will be barred by the holding in *Heck v. Humphrey*. This complaint fails to state a claim under § 1983 on which relief may be granted, and it should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Because federal jurisdiction does not exist in this case, supplemental jurisdiction for any state law claims does not exist. Under supplemental jurisdiction, a federal claim acts as a

jurisdictional "crutch."  David D. Siegel, Commentary on 1990 Revision, appended to 28 U.S.C.A. § 1367 (West 1993).  Title 28 U.S.C. § 1367(c)(3) recognizes that, once that crutch is removed, the district court may decline supplemental jurisdiction on the remaining state claims. *Id.*  In his complaint, plaintiff states that he is attempting to litigate a claim of defamation.  This Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any potential state law claims alleged by plaintiff.  *See Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants.").[3]

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.  *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

                                                                Respectfully submitted,

                                                                s/Joseph R. McCrorey
                                                                United States Magistrate Judge

February 12, 2007
Columbia, South Carolina

                **The plaintiff's attention is directed to the notice on the following page.**

---

[3] Plaintiff's state claims may be subject to established time limits for filing certain tort claims.  *See* S. C. Code Ann. § 15-3-530.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).