**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

|  |  |  |
|---|---|---|
| Christopher Odom, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: 2:07-0247-PMD-JRM |
| | ) | |
| Walmart; Walmart Insurance Policy Holder; | ) | |
| Stephen Key; Jud Woody; Glen Churchill; | ) | |
| Ronnie Cohurst; Judge Leah; Adam L. | ) | |
| Hampton; Juanita Riley; Linda Armstrong; | ) | |
| Clayton C. Williams; Jane P. Hanahan; Paul | ) | **ORDER** |
| P. McDermott; Florintine Jacinth; Gina L. | ) | |
| Robertson; Pamela W. Noto; Dorothy | ) | |
| Hayenes; Janet T. Temple; Anthony C. | ) | |
| Milliagan; Barbara M. Brantley; Sean | ) | |
| Hethington; FNU Witcomb, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On January 31, 2007, *pro se* litigant Christopher Odom ("Plaintiff" or "Odom") filed his

Complaint alleging that he was falsely imprisoned for nine (9) years and asserting a cause of action

for damages pursuant to 42 U.S.C. §1983. The record contains a report and recommendation ("the

R&R") of United States Magistrate Judge Joseph R. McCrorey, which was made in accordance with

28 U.S.C. § 636 (b)(1)(B). In his R&R, the Magistrate Judge recommended that Plaintiff's § 1983

claim be summarily dismissed without prejudice and without issuance and service of process

pursuant to 28 U.S.C. § 1915A, for failing to state a claim upon which relief may be granted.[1] The

---

[1] 28 U.S.C. § 1915A states,
**(a) Screening**. --The court shall review, before docketing, if feasible or, in any event,
as soon as practicable after docketing, a complaint in a civil action in which a
prisoner seeks redress from a governmental entity or officer or employee of a
governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims

1

Magistrate Judge also recommended that to the extent Plaintiff asserts state law causes of action, they should also be dismissed without prejudice to be brought in state court, should Plaintiff so choose. A party may object, in writing, to a R&R within ten days after being served with a copy of that report. 28 U.S.C. 636 (b)(1). Plaintiff has filed timely objections to the R&R.

## STANDARD OF REVIEW

### A.    The Magistrate Judge's R&R

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 269 (1976). The court reviews *de novo* those portions of the R&R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). After a review of the entire record, the R&R, and Plaintiff's objections, the court finds that the Magistrate Judge summarized the facts and applied the correct principles of law. Accordingly, the R&R is adopted in full and specifically incorporated into this Order.

### B.    28 U.S.C. § 1915A – Failure to State a Claim

Dismissals under 28 U.S.C. § 1951A for failure to state a claim require the same standard of review as dismissals under Rule 12(b)(6). *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002); *Sanders v. Sheahan*, 198 F.3d 626, 626 (7th Cir. 1999); *Davis v. District of Columbia,* 158 F.3d

---

or dismiss the complaint, or any portion of the complaint, if the complaint-
> **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> **(2)** seeks monetary relief from a defendant who is immune from such relief.

1342, 1348 (D.C. Cir. 1998).  Under this well-known standard, the court should not dismiss a complaint for failure to state a claim unless "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Slade v. Hampton Roads Regional Jail,* 407 F.3d 243, 248 (4th Cir. 2005); *Edwards v. City of Goldsboro,* 178 F.3d 231, 244 (4th Cir. 1999).  "Moreover, when such a dismissal involves a civil rights complaint, "we must be especially solicitous of the wrongs alleged" and "must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Harrison v. United States Postal Serv.,* 840 F.2d 1149, 1152 (4th Cir. 1988).

## DISCUSSION

In *Heck v. Humphrey*, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  512 U.S. 477 (1994).  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  In other words, an individual convicted of a crime cannot bring a civil suit challenging the conviction and resulting imprisonment until and unless the conviction is overturned.  *Heck v. Humphrey* creates a new rule of exhaustion in § 1983 litigation. *See id., see also Edwards v. Balisok,* 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997) (the

3

preclusive rule of *Heck* extended to § 1983 claims challenging procedural deficiencies which

necessarily imply the invalidity of the judgement.); *McGrew v. Texas Bd. of Pardons & Paroles,* 47

F.3d 158, 161 (5th Cir. 1995) (action challenging validity of parole proceedings calls into question

fact of confinement and thus is subject to *Heck* ).

In this case, Plaintiff does not provide the court with specific facts surrounding his allegedly

unlawful imprisonment; however, Plaintiff indicates that he was confined for nine (9) years and

references S.C. Code Ann. §§ 16-13-110 (shoplifting) and 16-1-57 (classification of third or

subsequent conviction of certain property crimes).  Plaintiff asserts that he was falsely imprisoned

for these nine years and seeks damages under 42 U.S.C. § 1983.  A favorable determination on the

merits of this claim would necessarily imply that Plaintiff's imprisonment was invalid; however, the

Complaint does not allege that Plaintiff has successfully challenged the validity of his imprisonment

on direct appeal or collateral challenge.  For this reason, the Magistrate Judge found that Plaintiff's

§ 1983 claim of unconstitutional imprisonment is barred by the holding in *Heck v. Humphrey* and

recommended that the court dismiss the Complaint for failing to state a claim upon which relief

could be granted.

Plaintiff objects to this recommendation, asserting that the "charge of section 16-13-110, the

charge and only charge the plaintiff was arrested, fingerprinted and booked in jail on February 18,

1998 has been dismissed, that was the ticket # 97417AQ, in the Town of Mt. Pleasant, S.C."

Plaintiff further claims that because "the case was dismiss and the government has nor can show

booking documents for section 16-1-57, Plaintiff has shown with fact(s) conviction & sentence of

16-1-57 and 16-13-110 . . . is invalidated due there's no arrest record on file."  Plaintiff's

unsupported assertions that "the case was dismiss[ed]" and "there's no arrest record on file" are

4

insufficient to constitute proof that his term of imprisonment has been successfully challenged; rather, Plaintiff must present some evidence that the appropriate authority has invalidated his conviction and/or sentence.  *See Heck*, 512 U.S. at 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383; *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985) (holding that unsupported allegations "do not confer talismanic immunity from Rule 56").  Plaintiff, however, submits no court document, record, affidavit, or any other evidence supporting his convoluted assertions.  Because Plaintiff's Objections are unsupported by any evidence and - frankly - do not make sense, the court finds them to be without merit.

Until Plaintiff establishes that his imprisonment was unlawful, an action under 28 U.S.C. § 1983 based on the imprisonment is barred by the holding in *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383; *see also Schilling v. White,* 58 F.3d 1081 (6th Cir. 1995) (noting that in common law tort liability, proof of the illegality of a conviction is a necessary element, and unless that conviction has been reversed, there has been no injury of constitutional proportion, and therefore no § 1983 action may exist).  Because a right of action has not yet accrued, the limitations period will not begin to run until the cause of action accrues.  *See Benson v. New Jersey State Parole Board,* 947 F.Supp. 827, 830 & n. 3 (D.N.J. 1996) (following *Heck v. Humphrey,* "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); and *Snyder v. City of Alexandria,* 870 F. Supp. 672, 685-688 (E.D. Va. 1994).  Accordingly, the court adopts in full the recommendation of the Magistrate Judge and dismisses Plaintiff's Complaint without prejudice and without issuance or service of process.

## CONCLUSION

Adopting in full the recommendation of Magistrate Judge Joseph R. McCrorey, it is hereby

**ORDERED** that Plaintiff Christopher Odom's Complaint is **DISMISSED** without prejudice and

without issuance or service of process.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**April 23, 2007.**

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within (30) days from the date
hereof, pursuant to Fed. R. App. P. 3-4.